**SO ORDERED.**

**SIGNED June 29, 2006.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA

IN RE:

JOSEPH BREAUX                                        CASE NO. 05-53183

   Debtor                                          CHAPTER 13

----------------------------------------------------------------
MEMORANDUM RULING
----------------------------------------------------------------

Joseph Breaux ("Debtor") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code[1] on October 13, 2005, and on that day an order for relief was entered. The Debtor timely filed a Chapter 13 Plan ("Plan"). Shortly thereafter the Debtor also filed an Objection to Proof of Claim ("Objection"), contesting the proof of claim filed by the United States of America, acting through the United States Department of Treasury, Internal Revenue

---

[1] Title 11, United States Code. References to sections of the Bankruptcy Code are shown herein as "section __."

Service ("IRS").  IN addition, the IRS has objected to confirmation of the Plan.

Hearings on confirmation of the Plan and the Objection were held on March 15, 2006.  After hearing argument of counsel, the court took both matters under advisement.

## JURISDICTION

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana.  No party in interest has requested a withdrawal of the reference.  The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

## FACTUAL BACKGROUND

The Debtor previously filed a chapter 13 case ("First Case") in South Carolina on or about December 9, 2002.  During the pendency of the First Case, the Debtor was required to file delinquent tax returns for tax years 1995, 1996, 1997, 1998, 1999, 2000 and 2001.  Following the filing of such returns, the IRS assessed the Debtor with tax liability for those years.  The First Case was dismissed on or about May 11, 2005.

Page 2

The present case was filed some 5 months later. The IRS has filed a proof of claim asserting a priority claim in the amount of $54,075.54, which represents tax liability for tax years 1995, 1996, 1997, 1998, 1999, 2000, and 2001, all of which were assessed at various dates in 2003 during the pendency of the First Case, and for tax year 2004. The Debtor has objected to the priority status of the taxes for 1995, 1996, 1997 and 1998, and also contends that the taxes for 2004 have been paid.

**LAW AND ANALYSIS**

**A. PRIORITY STATUS OF TAX CLAIMS**

The key issue herein is section 507(a)(8)(A)(ii), which gives priority status to tax claims which were:

> assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition.

The IRS contends that the 240 day period is tolled during the pendency of the prior bankruptcy case and did not commence until that case was dismissed. This court has previously addressed a similar issue under section 507(a)(8)(A)(I) and held that:

> While there is no statute stating precisely this position, the case law overwhelmingly supports the position of the IRS that the three-year period was tolled during the time the first case was pending. See, e.g., In re Waugh, 109 F.3d 489 (8th Cir. 1997); In re Taylor, 81 F.3d 20 (3rd Cir. 1996); In re West, 5 F.3d 423 (9th Cir. 1993); In re Richards, 994 F.2d 763 (10th Cir.

1993); In re Montoya, 965 F.2d 554 (7th Cir. 1992).

> While there is no Fifth Circuit authority on the issue, a decision of the United States District Court for the Shreveport Division of the Western District of Louisiana, following the majority view of the circuits, held that the three-year period is to be suspended during the pendency of the first of two successive bankruptcies. Solito v. USA (In re Solito), 172 B.R. 837 (W.D. La. 1994). In Solito, the court recognized that the policy behind section 507(a)(8) was to give the government the benefit of certain time periods to pursue its collection effects. As the government was prohibited by the automatic stay of section 362 from pursuing its collection efforts, the court reasoned that the three-year period should not run while the debtors were in their first bankruptcy at a time when the government was under the prohibitions of the automatic stay of section 362.
>
> For the foregoing reasons, the court finds that the three-year period provided by section 507(a)(8) was suspended during the pendency of the Debtors' first chapter 13 case.

In re Thomas, 219 B.R. 721 (Bankr. W.D. La. 1998).

The Debtor argues that a different outcome should occur under the 240 day assessment provision as the government is given the ability to make the assessment during the pendency of a bankruptcy proceeding and thereby enhance their position. The court disagrees.

The same policy which the court recognized behind tolling the period of time under section 507(a)(8)(A)(i), i.e., allowing the government certain time periods to pursue collection of tax debts, applies equally to all subsections of section 507(a)(8). During

Page 4

the pendency of the Debtor's prior case, the IRS was unable to pursue collection of its debt even though it was given statutory authority to assess the taxes. For that reason, the court believes that the same outcome must arise in this case. The 240 day period is tolled during the pendency of a prior case.

### B. TAX YEAR 2004

With respect to the 2004 tax year liability, the Objection claimed that the "tax due has been previously paid by Farm Bureau and is incorrect." The Debtor, however, presented no evidence in support of this contention.

### CONCLUSION

For the foregoing reasons, the court finds that the claim of the IRS with respect to taxes assessed during the Debtor's prior bankruptcy case are entitled to priority status in accordance with section 507(a)(8)(A)(ii). Accordingly, the Objection with respect to tax years 1995, 1996, 1997 and 1998, is **OVERRULED.** Further, as the Debtor has failed to present evidence that his liability for tax year 2004 has been satisfied, the Objection with respect to tax year 2004 is **OVERRULED.**

As the Plan does not provide for payment of these priority claims, confirmation of the Debtor's Chapter 13 Plan is **DENIED.** Debtor is ordered to file an amended plan no later than July 14,

2006, and serve copies upon the mailing matrix along with notice of hearing on confirmation on August 9, 2006.  The failure of the Debtor to comply with the terms of this Order will result in the dismissal of the case on the ***ex parte*** motion of the Trustee or any interested party, or ***sua sponte*** by the Court.  The dismissal will be subject to a finding under 11 U.S.C. § 109(g)(1) that such dismissal resulted from the Debtor's willful failure to comply with an order of the court.

   **IT IS SO ORDERED.**

                                    ###

Page 6